# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG DIVISION

RANDY W. BOYCE,

        Plaintiff,

v.                                    CIVIL ACTION NO. 6:09-cv-01107

MICHAEL J. ASTRUE
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Randy W. Boyce's Complaint seeking review of the decision of the Commissioner of Social Security [Docket 1]. By Standing Order entered August 1, 2006, and filed in this case on October 10, 2009, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Stanley filed a PF&R [Docket 14] on November 23, 2010, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. Objections to the PF&R in this case were due on December 10, 2010; Plaintiff filed objections on December 7, 2010.

### I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income ("SSI") on November 1, 2006, alleging disability as of September 1, 2005, due to attention deficit hyperactivity disorder ("ADHD"). The full factual and procedural history of this case is set forth in the PF&R. Plaintiff summarized his objections as follows: "The Commissioner erred in stating that the ALJ did not err

in her consideration of the claimant's teachers' opinions and in stating that the ALJ extensively considered and relied on the reports to conclude that Claimant had less than marked limitation in the area of acquiring and using information." (Docket 15 at 1.) The magistrate judge found that: (1) "the ALJ did not err in failing to order a consultative examination," (2) "the ALJ did not err in her consideration of Claimant's daily activities and medication when determining Claimant's residual functional capacity to perform a full range of work at all exertional levels with nonexertional limitations," and (3) "the ALJ did not err in her consideration of Claimant's teachers' opinions." (Docket 14 at 25, 28, & 31.)

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court's review in this case is limited to determining whether the contested factual findings of the Commissioner—as set forth in the decision of his designee, Administrative Law Judge Rossana L. D'Alessio—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any

fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  Substantial evidence "consists of more than a mere scintilla of evidence but may somewhat less than a preponderance.*"* *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972).  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987); *see also Hays*, 907 F.2d at 1456.  Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if her conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law.  *See Coffman*, 829 F.2d at 517.  Applying these standards, the Court has reviewed *de novo* the ALJ decisions, specifically the discussion of the teachers' opinions and those portions of the PF&R to which Plaintiff objected.

### III. OBJECTIONS TO THE PF&R

Plaintiff objects that "the ALJ failed to further elaborate on the consideration given in [the claimant's teachers'] opinions." (Docket 15 at 2.) Plaintiff contends that the ALJ did not give the teachers' opinions "significant weight when rendering her decision, and the ALJ failed to properly assess the claimant's functioning in the domain of acquiring and using information." (*Id.* at 3.) In determining functional equivalence, the "whole child" approached is used. SSR 09-1p, 2009 WL 396031 (Feb. 17, 2009). The Social Security Rulings detail the techniques used to determine functional equivalence, "[h]owever, we do not require our adjudicators to discuss all of [these] considerations . . . in their determinations and decisions." *Id.* In reviewing the ALJ's decision, the Court agrees with the Magistrate Judge that the ALJ gave proper consideration to the teachers' opinions and the ALJ was sufficiently specific in making her determination. Plaintiff was diagnosed with ADHD, however his performance and functional equivalence saw significant improvements, especially after he moved into a new home. There is substantial evidence to support the ALJ's findings as such.

### IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the PF&R [Docket 14], **OVERRULES** Plaintiff's Objections to the PF&R [Docket 15], **DISMISSES** Plaintiff's Complaint [Docket 1], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 31, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE